UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 17 - 10270 |
| | ) | |
| v. | ) | Violations: |
| | ) | 18 U.S.C. § 1344 (Bank Fraud) |
| SAGER KOPCHAK, | ) | |
| also known as SAGER DALLAI, | ) | Forfeiture Allegations: |
| | ) | 18 U.S.C. § 982(a)(2) |
| Defendant. | ) | |

## INFORMATION

The Acting United States Attorney charges that:

### General Allegations

At all times relevant to this Information:

1.      Defendant Sager Kopchak, also known as Sager Dallai, ("Kopchak") was an individual who resided in Winchester, Massachusetts.

2.      Kopchak maintained American Express credit card ending in 1004, Credit One Bank credit card ending in 7298, and Barclays credit card ending in 3454.

3.      Individual A was an individual who resided in New York, New York and was known to Kopchak.

4.      Individual A maintained a bank accounts ending in 1131 (checking) and 7781 and 2162 (savings) at J.P. Morgan Chase Bank.  Only Individual A had signatory authority for these accounts.  At no point was Kopchak authorized to sign checks on behalf of Individual A or to use Individual A's bank accounts to incur any charges.

5.      J.P. Morgan Chase Bank was a financial institution as defined by 18 U.S.C. § 20.

1

### The Scheme

6.      Beginning in or around at least September 2009, and continuing through in or around August 2016, Kopchak engaged in a scheme and artifice to defraud and to obtain money, funds, and property of Individual A that was in the custody and control of J. P. Morgan Chase Bank, by means of materially false and fraudulent pretenses and representations.

7.      In late 2009, Kopchak contacted Individual A and said she had cancer, and asked for a place to stay for a few weeks while receiving treatment in New York City.  Kopchak ended up staying with Individual A from approximately late 2009 until the summer of 2010.  She paid no rent or utilities while she lived with Individual A.

8.      Kopchak did not have cancer and was not undergoing cancer treatment.

9.      While she was living with Individual A, Kopchak stole a checkbook of Individual A's checks for his account at J.P. Morgan Chase Bank.

10.      Over a period of the next eight years, after she no longer lived with Individual A, Kopchak took money from Individual A by making purchases, receiving goods, and charging her expenditures to Individual A's J. P. Morgan Chase Bank accounts at.

11.      As part of the scheme, from approximately September 2009 until January 2011, Kopchak wrote approximately 27 forged checks on Individual A's J.P. Morgan Chase Bank account ending in -1131 to herself.  These checks totaled approximately $44,700.

12.      From approximately September 2011 until August 2016, on numerous occasions, Kopchak made unauthorized payments to her Credit One Bank credit card account from Individual A's account by inputting the routing and account numbers from Individual A's account at J.P. Morgan Chase Bank to the on-line payment system for her credit card and directing that her credit card charges be paid from that account.  These payments totaled approximately $102,690.15.

13.     From approximately November 2009 until September 2016, on numerous occasions, Kopchak made unauthorized payments to her Barclays credit card account from Individual A's checking account by inputting the routing and account number to the on-line payment system for her credit card and directing that her credit card charges be paid from that account.  These payments totaled approximately $307,913.31.

14.     From approximately April 2014 until October 2016, on numerous occasions, Kopchak made unauthorized payments to her American Express credit card account from Individual A's checking account by inputting the routing and account number to the on-line payment system for her credit card and directing that her credit card charges be paid from that account. These payments totaled approximately $491,353.30.

15.     Kopchak also made numerous unauthorized charges directly on Individual A's debit card at J.P. Morgan Chase Bank from approximately August 2010 until January 2014 by directing that the expenditures be charged directly to that account and routing number.  These charges totaled approximately $114,813.69.

16.     The purchases Kopchak made using Individual A's funds at J.P. Morgan Chase Bank, without authority include the following:

17.     On April 24, 2016, Kopchak placed an online order  for a total cost of $4,995 from an on-line retailer, N-Co as follows:

| | |
|---|---|
| Alexander McQueen Crystal-embellished metal and Plexiglas clutch | $2295.00 |
| Preen by Thornton Bregazzi Galen cutout lace midi dress | $2245.00 |
| Monica Vinader Riva rose gold-plated diamond earrings | $455.00 |

18.     On or about May 24, 2016, Kopchak placed an online order for a total cost of $6,006.00 from N-Co as follows:

| | |
|---|---|
| By Malene Birger Francoise embellished boiled wool-blend sweater | $575.00 |
| Cushnie et Ochs Cutout silk-crepe maxi dress | $1525.00 |
| Dion Lee Off-the-shoulder wool-blend shantung mini dress | $1605.00 |
| Dion Lee Cape-back cotton-poplin shirt | $340.00 |
| No. 21 Knotted leather pumps | $610.00 |
| Dion Lee Ruffled scuba and tech-jersey skirt | $1055.00 |
| Elizabeth and James Maylin crinkled silk-georgette top | $295.00 |

19.    On or about May 25, 2016, Kopchak placed an online order totaling $9,560 with

N-Co as follows:

| | |
|---|---|
| Three J NYC Eloise polka-dot cotton-poplin pajama set | $115.00 |
| Missoni Crochet-knit shorts | $560.00 |
| The Row Nandac one-shoulder Pima cotton and silk-blend sweater | $1050.00 |
| Dolce & Gabbana Cropped floral-print cotton-blend matelassé jacket | $1945.00 |
| The Row Amherst cashmere and silk-blend sweater | $1350.00 |
| Dolce & Gabbana Guipure lace top | $1545.00 |
| Marni Gold-plated horn earrings | $380.00 |
| Dolce & Gabbana Guipure lace shorts | $1095.00 |
| The Row Knightsbridge jersey cardigan | $450.00 |
| Marni Ruffled scuba-jersey mini dress | $1070.00 |

20.    Kopchak used her American Express Credit Card ending in 1004 to pay for the

items listed in paragraphs 17-19.

21.    Kopchak made a payments to her American Express bill to pay for the items listed

in paragraphs 17-19 by using the American Express on-line payment system to direct that funds

be charged to Individual A's checking account at J.P. Morgan Chase Bank.

22.     Over the course of the scheme, Kopchak made approximately $1,061,470 in unauthorized charges and withdrawals from Individual A's J.P. Morgan Chase Bank accounts and used the money to, among other things, make high end purchases such as a pair of 2.05 karat diamond earrings ($9,700), five fur coats (total $21,297), Chanel purses (total $9,649), a Cartier watch ($3,250), and a trip to the Bahamas ($11,166).

23.     Kopchak made the approximate following total amounts of unauthorized charges from Individual A's account at J.P. Morgan Chase Bank, a financial institution in the years listed below:

2009 - $17,691

2010 – $116,887

2011 - $59,328

2012 – $129,758

2013 – $85,744

2014 – $168,869

2015 - $229,837

2016 - $253,356

**Total:**     **$1,061,470**

## COUNTS ONE THROUGH FOUR
(18 U.S.C. § 1344 - Bank Fraud)

24.     Paragraphs 1 through 23 are re-alleged and incorporated herein by reference.

25.     On or about the dates below, in the District of Massachusetts and elsewhere,

**SAGER KOPCHAK,**
**also known as SAGER DALLAI,**

5

defendant herein, did knowingly execute and attempt to execute a scheme and artifice to defraud

a financial institution and to obtain money, funds, and credits owned by and under the custody

and control of a financial institution, by means of materially false and fraudulent pretenses,

representations, and promises, to wit, by using Individual A's bank and account information

without authorization to make payments to her personal American Express credit card account

ending in 1004, as follows:

| Count | Payment Date | Payment Amount |
|-------|-------------|----------------|
| 1 | April 29, 2016 | $5,000.00 |
| 2 | June 6, 2016 | $6,000.00 |
| 3 | June 13, 2016 | $6,000.00 |
| 4 | June 27, 2016 | $11,823.39 |

All in violation of Title 18, United States Code, Section 1344.

## FORFEITURE ALLEGATIONS
### (18 U.S.C. § 982(a)(2))

The Acting United States Attorney further alleges that:

26.     Upon conviction of the offenses in violation of Title 18, United States Code,

Section 1344 set forth in Counts One through Four of this Information,

### SAGER KOPCHAK,
### also known as SAGER DALLAI,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code,

Section 982(a)(2), any property, real or personal, which constitutes or is derived from proceeds

traceable to the offenses. The property to be forfeited includes, without limitation:

> a.     $1,061,470 in United States Currency, to be entered in the form of a
> forfeiture money judgment.

27.     If any of the property described in Paragraph 26, above, as being forfeitable

pursuant to Title 18, United States Code, Section 982(a)(2), as a result of any act or omission of

the defendant --

> a.     cannot be located upon the exercise of due diligence;
>
> b.     has been transferred or sold to, or deposited with, a third party;
>
> c.     has been placed beyond the jurisdiction of the Court;
>
> d.     has been substantially diminished in value; or
>
> e.     has been commingled with other property which cannot be divided
> without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b),

incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other

property of the defendant up to the value of the property described in Paragraph 26 above.

All pursuant to Title 18, United States Code, Section 982(a)(2).

                                        WILLIAM D. WEINREB
                                        Acting United States Attorney
                                        District of Massachusetts

                            By:         _____
                                        SARA MIRON BLOOM
                                        Assistant United States Attorney

DATE: 9/6/2017

8