UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO. 17 CR-10270-MLW |
| v. | ) |
| SAGER KOPCHAK,<br>   also known as SAGER DALLAI, | ) |
| Defendant. | ) |

## UNITED STATES' SENTENCING MEMORANDUM

The United States submits this memorandum in support of its sentencing recommendation in this case. The United States submits that the agreed-upon guideline range of 27 to 33 months of incarceration is appropriate for the Defendant Kopchak in this case in light of her extensive pattern of outrageous conduct as well as abuse of the victim's trust and kindness.

This case not only involves a deliberate fraud and theft over a period of eight years, but also an astonishing lie at the beginning – that the Defendant had cancer. The Defendant told this lie in order to induce the victim to open the victim's home to the Defendant, care for her during her purported cancer treatments, and even drop her off at her purported appointments. Kopchak repaid this extraordinary kindness by stealing more than a million dollars from the victim over the next eight years.

### OVERVIEW OF THE CONDUCT

While staying with the victim, the Defendant stole a checkbook with about 27 checks. She began writing checks off the victim's account. When the checks ran out, and she realized the victim was not noticing her smaller thefts, she got bolder. She began charging purchases to the victim's account, and then paying her own bills by giving the victim's account number to her

1

credit card companies to charge. Over the years, she took more and more. The first year, she took $17,691. In 2015, she took $229,837 and in 2016, she took $253,356.

Over the course of the scheme, the Defendant took approximately $1,061,470 in unauthorized charges and withdrawals from the victim's account as follows:

|        |              |
|--------|--------------|
| 2009 - | $17,691      |
| 2010 – | $116,887     |
| 2011 - | $59,328      |
| 2012 – | $129,758     |
| 2013 – | $85,744      |
| 2014 – | $168,869     |
| 2015 - | $229,837     |
| 2016 - | $253,356     |
| **Total:** | **$1,061,470** |

As a result of certain refunds, the total amounts ultimately outstanding to the account of Victim A appears to be $1,034,971.38.

Nor did the Defendant do this because she needed the money to pay for necessities. To the contrary, the Defendant stole from the victim to purchase extravagant and luxury items. She used the victim's money to, among other things, buy a pair of 2.05 karat diamond earrings ($9,700), five fur coats (total $21,297), Chanel purses (total $9,649), a Cartier watch ($3,250), and a trip to the Bahamas ($11,166). The purchases Kopchak made using the victim's funds also included many other designer clothing and accessories, a few of which are listed below:

| Item | Price |
|---|---|
| Alexander McQueen Crystal-embellished metal and Plexiglas clutch | $2295.00 |
| Preen by Thornton Bregazzi Galen cutout lace midi dress | $2245.00 |
| Monica Vinader Riva rose gold-plated diamond earrings | $455.00 |
| By Malene Birger Francoise embellished boiled wool-blend sweater | $575.00 |
| Cushnie et Ochs Cutout silk-crepe maxi dress | $1525.00 |
| Dion Lee Off-the-shoulder wool-blend shantung mini dress | $1605.00 |
| Dion Lee Cape-back cotton-poplin shirt | $340.00 |
| No. 21 Knotted leather pumps | $610.00 |

| | |
|---|---|
| Dion Lee Ruffled scuba and tech-jersey skirt | $1055.00 |
| Elizabeth and James Maylin crinkled silk-georgette top | $295.00 |
| Missoni Crochet-knit shorts | $560.00 |
| The Row Nandac one-shoulder Pima cotton and silk-blend sweater | $1050.00 |
| Dolce & Gabbana Cropped floral-print cotton-blend matelassé jacket | $1945.00 |
| The Row Amherst cashmere and silk-blend sweater | $1350.00 |
| Dolce & Gabbana Guipure lace top | $1545.00 |
| Marni Gold-plated horn earrings | $380.00 |
| Dolce & Gabbana Guipure lace shorts | $1095.00 |
| The Row Knightsbridge jersey cardigan | $450.00 |
| Marni Ruffled scuba-jersey mini dress | $1070.00 |

Even after the Defendant got married to another man and could have lived quite a comfortable life with her new family, she continued to steal from the victim and increased the amount of her thefts. She even paid for her honeymoon from the victim's funds. Even after she had a child, she continued to steal hundreds of thousands of dollars from the victim.

Even now, however, the Defendant continues to minimize the degree to which she burdened the victim. She now claims that she only stayed with the victim one night a week – when she was falsely pretending to get cancer treatment. In fact, the victim reports that she stayed there 3-4 nights a week, and even got a dog that also stayed at the apartment. On some weekends, while the Defendant went elsewhere, she also asked the victim to care for the dog. The Defendant also went with the victim to the victim's family member's Christmas celebration and pretended to be very tired and sick from her cancer. Thus, she has demonstrated an extraordinary capacity for deceit and abuse of the victim's kindness throughout.

GUIDELINE CALCULATION

Pursuant to the plea agreement, the parties have agreed upon the following with respect to the guidelines:

(1) In accordance with USSG § 2B1.1(a), Defendant's base offense level is 7, because the offense involved fraud and has a statutory maximum term of imprisonment of 20 years or more;

(2) In accordance with USSG § 2B1.1(b)(1), Defendant's offense level is increased by 14, because the loss to the victim from the offenses and caused by Defendant's conduct was more than $750,000, but less than $1,500,000.

Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction, the United States recommends that the Court reduce by three levels Defendant's adjusted offense Level under USSG § 3E1.1. Therefore, Kopchak's total offense level is 18. Her Criminal History is Category I, so her recommended guideline range is 27-33 months.

## UNITED STATES' SENTENCING RECOMMENDATION

The United States submits that this is a case where the guidelines are reasonable and appropriate for the conduct of this Defendant. Here, the victim's loss was all the Defendant's gain. Her crimes were deliberate and long-lasting. The pattern of conduct began with an outrageous lie and were followed by a prolonged breach of trust and an incredible invasion of privacy. The Defendant did not just take more than a million dollars of the victim's money over eight years, although that crime alone would justify a sentence in the guideline range. This Defendant also took the victim's trust. She abused the victim's kindness, and took advantage of the victim's willingness to care for her over many months in a small apartment because of her alleged cancer.

The Defendant now tries to avoid the appropriate punishment for her crimes by asserting that it would not be good for her young children. That, of course, is something she should have

thought about when she was stealing all this money, something she continued to do even after the first child was born. Many criminals who are sent to jail have young children.

Also, this is not a situation where there are no others to care for these children. To the contrary, there is a husband and extended family who are already providing care for the children. The Defendant is no longer living with the children at this time and sees them part-time. The fact that the Defendant is an affluent female with young children should not be a get-out-of-jail-free card here. To the contrary, all of this demonstrates an incredibly deceitful and harmful level of conduct that combined with the extensive thefts here justifies a sentence of imprisonment in the guideline range of 27-33 months.

                Respectfully submitted,

                ANDREW E. LELLING
                United States Attorney
                District of Massachusetts

By:      /s/ Sara Miron Bloom
                SARA MIRON BLOOM
                Assistant United States Attorney

DATE: January 30, 2018